## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDWIN DUANE LEWIS,

                Petitioner,                Case Number: 2:98-CV-71469

v.                                      HONORABLE ARTHUR J. TARNOW

BRUCE CURTIS,

                Respondent.

                                          /

## ORDER DENYING PETITIONER'S RULE 60(D)(1)(3) INDEPENDENT ACTION MOTION FOR RELIEF FROM JUDGMENT

Petitioner Edwin Duane Lewis filed a *pro se* petition for a writ of habeas corpus in 1998.  He challenged his convictions for two counts of first-degree murder and two counts of felony firearm.  After holding an evidentiary hearing at which defense counsel and four character witnesses testified, the Court denied the petition.  The Sixth Circuit Court of Appeals affirmed the denial of habeas relief.  *Lewis v. Curtis*, Nos. 01-1130/01-1261 (6th Cir. May 20, 2002).   Now before the Court is Petitioner's "Rule 60(d)(1)(3) Independent Action Motion for Relief from Judgment."

Rule 60(d) reads in relevant part:

(d) Other Powers to Grant Relief.  This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

. . . . or

(3) set aside a judgment for fraud on the court.

An independent action under Rule 60(d)(1) is "'an independent action in equity to obtain relief from a judgment.'"  *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237–38 (1973)).  The elements of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.*  quoting *Barrett v. Sec'y of Health & Human Servs.,* 840 F.2d 1259 1263 (6th Cir. 1987) (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and National Surety Co. v. State Bank, 120 F. 593, 599 (8th Cir.1903)).

"[A]n independent action is 'available only to prevent a grave miscarriage of justice.'" *Id.*  quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998).  A "grave miscarriage of justice" is a "stringent and demanding standard."  *Id.* (internal citations omitted). To establish that relief is required to prevent a grave miscarriage of justice in a habeas corpus case, the petitioner "must make a strong showing of actual innocence." *Id.* at 595–96.

Petitioner has not made a strong showing of actual innocence.  In fact, his motion simply reasserts many of the same claims raised in his petition.  Petitioner alleges that a fraud was committed on the courts.  The bases for his argument are: the prosecutor's

alleged misstatement of the facts in closing argument, failure of defense counsel to expose the alleged misstatements, and the Michigan Attorney General's reliance on purportedly false testimony to argue for denial of habeas relief.  These allegations do no show Petitioner's innocence.

> Furthermore, the elements of fraud on the court are conduct:
>
> 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009).  Petitioner has the burden of proving the existence of a fraud on the court by clear and convincing evidence.  *Id.*

The Court, in denying habeas relief, held that the prosecutor's arguments did not misstate the evidence or manipulate the standard of proof.  Petitioner has not shown that the prosecutor presented to the court false information or acted with willful or reckless disregard for the truth.  Regarding claims of fraud by the Michigan Attorney General's Office, Petitioner merely states, without elaboration, that the assistant attorney general submitted false and misleading facts to the Court.  Petitioner's conclusory allegation about the assistant attorney general is not clear and convincing proof of fraud.  The Court, moreover, reviewed the state court record and does not believe that it was misled by the facts set forth in the answer to the habeas petition.

For all the reasons given above, the Court concludes that Petitioner has failed to establish the elements of fraud on the court and the elements of an independent action

under Rule 60(d)(1).  Accordingly, Petitioner's "Rule 60(d)(3) Independent Action and

Motion for Relief from Judgment" [dkt. # 66] is DENIED.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 20, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record
on February 20, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant